**Rule 1915.11. [Appointment of Attorney for Child. Interview of Child. Attendance of Child at Hearing or Conference]Appointing Child's Attorney. Child Interview. Child Attending Proceedings.**

[(a)     The court may on its own motion, or the motion of a party, appoint an attorney to represent the child in the action. Counsel for the child shall represent the child's legal interests and zealously represent the child as any other client in an attorney-client relationship. Counsel for the child shall not perform the role of a guardian *ad litem* or best interests attorney. The court may assess the cost of the child's attorney upon the parties in such proportions as the court deems appropriate or as otherwise provided by law. The order appointing an attorney to represent the child shall be in substantially the form set forth in Pa.R.C.P. No. 1915.19.

(b)     The court may interview a child, whether or not the child is the subject of the action, in open court or in chambers. The interview shall be conducted in the presence of the attorneys and, if permitted by the court, the parties. The attorneys shall have the right to interview the child under the supervision of the court. The interview shall be part of the record.

(c)     Unless otherwise directed by the court, the child who is the subject of the action shall not be required to attend a hearing before the court or a conference.

*Note*:  A party may bring a child to a conference or hearing but, in the absence of an order of court, is not required to do so.]

(a)     Appointing Child's Attorney.

(1)     Upon its own motion or a party's motion, the court may appoint an attorney to represent a child who is the subject of the action.

(2)     The court's order appointing the child's attorney, as provided in Pa.R.Civ.P. 1915.19, may apportion to the parties the reasonable cost of the child's attorney.

(3)     The child's attorney:

(i)     shall represent the child's legal interest;

(ii)     shall zealously represent the child as any other client in an attorney-client relationship; and

**(iii)** shall not act as the child's guardian *ad litem* or best interest attorney as provided in Pa.R.Civ.P. 1915.11-2.

**(b)** **Child Interview.**

**(1)** The court may interview a child in open court or in chambers.

**(2)** If the court interviews the child, the court shall conduct the child's interview on the record.

**(3)** If permitted by the court, a party's attorney or a party may observe the interview.

**(4)** As part of the interview process, the court shall permit either:

**(i)** the parties' attorneys to question the child under the court's supervision, provided that all parties are represented by an attorney; or

**(ii)** a party's attorney or a self-represented party to submit to the court written questions, which the court may include in its interview.

**(c)** **Child Attending Proceedings.** Unless ordered by the court or otherwise compelled to testify on the record, a child's attendance at a conference, hearing, or trial is not required.

**[Explanatory ]Comment — 1991**

**[Rule]**<u>Pa.R.Civ.P.</u> 1915.15(**[b]**<u>c</u>) provides a form of order to appear at a conference or hearing in **[an action for custody, partial custody or visitation of minor children**. **Prior to its recent amendment, the form required that one or more children who are the subject of the action attend the hearing or conference]**<u>a custody action</u>.

However, the presence of a child in court is not always necessary or desirable. The experience may be traumatic and disruptive. Consequently, the child should not be required to attend a hearing or conference in every case. When the presence of a child is required and the custodial party does not voluntarily bring the child, the court may issue an order for the child's attendance.

Subdivision (c) has been added to **[Rule]**<u>Pa.R.Civ.P.</u> 1915.11 to provide that, in the absence of an order of court, a child who is the subject of the action need not be brought to a conference or a hearing before the court. The form of order to appear provided by **[Rule]**<u>Pa.R.Civ.P.</u> 1915.15(**[b]**<u>c</u>) has been revised to implement this policy.

## <u>Comment — 2022</u>

<u>**Although the rule states that a child is not required to attend a conference, hearing, or trial, the terminology used by a judicial district may vary for these court proceedings. The rule's intent is to limit the child's participation to only those proceedings in which the child will actively participate as a witness or in the court's interview.**</u>